**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIK PRIME, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC., KEVIN R. SAYER, JACOB S. LEACH, and JEREME M. SYLVAIN,<br><br>Defendants. | Case No. 1:25-cv-08912-KPF<br><br>CLASS ACTION |
| OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM and OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC., KEVIN R. SAYER, JACOB S. LEACH, JEREME M. SYLVAIN, and SEAN CHRISTENSEN,<br><br>Defendants. | Case No. 1:25-cv-09370-KPF<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

A. Union Should Be Appointed As Lead Plaintiff .......... 2

1. Union Has The Largest Financial Interest .......... 3

2. Union Otherwise Satisfies The Requirements Of Rule 23 .......... 4

3. The Presumption In Favor Of Appointing Union Cannot Be Rebutted .......... 5

B. The Court Should Approve Union's Selection Of Lead Counsel .......... 6

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) .......... 3

*Clark v. Barrick Gold Corp.*, 2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013) .......... 2

*Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808 (S.D.N.Y. June 12, 2020) .......... 3, 5

*Dookeran v. Xunlei Ltd.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......... 4

*Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .......... 6

*Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) .......... 6

*Gronich v. Omega Healthcare Invs., Inc.*, 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) .......... 4

*Hom v. Vale, S.A.*, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .......... 3

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26 (S.D.N.Y. 2012) .......... 5

*Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) .......... 3

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* .......... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) .......... 4

Union respectfully submits this memorandum of law in further support of its unopposed motion for appointment as Lead Plaintiff, approval of its selection of Lead Counsel, and consolidation of Related Actions.[1]

**PRELIMINARY STATEMENT**

Union is the presumptive Lead Plaintiff in this case by virtue of having incurred more than $333.5 million in losses on its Class Period investments in Dexcom securities, as well as its demonstrated adequacy to prosecute this case. Union's loss is multiples greater than the sole competing movant's loss, and that movant cannot offer any legitimate arguments as to why Union should not be appointed Lead Plaintiff, let alone provide the "proof" required to rebut Union's status as the presumptive Lead Plaintiff.

In addition to Union's motion, the only other motion seeking appointment as Lead Plaintiff was filed by State Teachers Retirement System of Ohio ("Ohio STRS"). ECF No. 15. Of the two Lead Plaintiff movants in this case, Union has the larger financial interest in the litigation. Union's loss is almost ***fifteen times larger*** than the approximately $22.5 million loss asserted by Ohio STRS.

Union also satisfies the typicality and adequacy requirements of Rule 23, and is well suited to represent all Class members. Union is a sophisticated institutional investor that fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Union is committed to actively overseeing the prosecution of this litigation, and has selected Bernstein

[1] All capitalized terms are defined in Union's opening brief, unless otherwise indicated. *See* ECF No. 11. All emphasis is added and all internal citations are omitted, unless noted.

Litowtiz—a law firm with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

Because Union has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, Union is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Union is atypical or inadequate. *See id*. § 78u-4(a)(3)(B)(iii)(II). No such proof exists, and there are no legitimate grounds to challenge Union's typicality or adequacy.

In recognition that Union has the largest financial interest and is otherwise a typical and adequate Class representative, Ohio STRS has indicated that it does not oppose the appointment of Union as Lead Plaintiff. *See* ECF No. 20. Therefore, Union's motion is unopposed.

Accordingly, the Court should appoint Union as Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, and consolidate the Related Actions.[2]

## ARGUMENT

### A. Union Should Be Appointed As Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To trigger this presumption, the movant that has the largest financial interest need only make a preliminary showing that the adequacy and typicality requirements have been met. *See Clark v. Barrick Gold Corp.*, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff

[2] Union and Ohio STRS agree that the Related Actions should be consolidated. *See* ECF No. 11 at 13-14; ECF No. 16 at 5-6.

need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.").

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses"). Union is the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, Union is entitled to appointment as Lead Plaintiff.

**1. Union Has The Largest Financial Interest**

When assessing which movant has asserted the largest financial interest, courts in this District consider a movant's loss to be the most important factor. *See, e.g.*, *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("The magnitude of the loss is the most significant factor."); *Hom v. Vale, S.A.*, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (noting that courts "place the most emphasis on . . . the approximate losses suffered" in determining the largest financial interest); *Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

Union's loss of approximately $333.5 million, as calculated under a LIFO basis, is almost fifteen times larger than the $22.5 million loss asserted by Ohio STRS. There can be no credible dispute that Union has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**2. Union Otherwise Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Union satisfies the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *Gronich v. Omega Healthcare Invs., Inc.*, 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018) ("At this stage in the litigation, only a preliminary showing of typicality and adequacy is required."). Union unquestionably satisfies both requirements.

As demonstrated in its opening brief, Union is typical of other members of the Class. *See* ECF No. 11 at 7-8. Like all other Class members, Union (1) purchased Dexcom securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud. *See Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when the proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). Thus, Union satisfies the typicality requirement.

Union also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). There is no conflict between Union's interests and those of the other Class members. To the contrary, the interests of Union and other Class members are directly aligned because all suffered damages from their purchases of Dexcom securities at prices that were artificially inflated by Defendants' alleged misconduct. As discussed above, Union has a substantial financial interest that provides it with the incentive to ensure the vigorous prosecution

of this litigation.[3] *See Luckin Coffee*, 2020 WL 3127808, at *6 (finding an institutional investor "is adequate since its large financial stake incentivizes vigorous representation").

Moreover, Union is a sophisticated institutional investor that oversees over 525 billion euros in assets, and has extensive experience supervising the work of its proposed Lead Counsel, Bernstein Litowitz, as a lead plaintiff in other securities class actions. *See* ECF No. 11 at 8-9. Union also has in-house legal staff who are highly experienced in supervising securities class actions under the PSLRA and will ensure close oversight of the litigation and counsel. *See id*. at 10. Thus, Union possesses the resources and experience to monitor the prosecution of this action in the best interests of the Class.

Union has further demonstrated its adequacy through its selection of Bernstein Litowitz—a firm with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. *See* ECF No. 11 at 11-13. Accordingly, Union has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### 3. The Presumption In Favor Of Appointing Union Cannot Be Rebutted

To overcome the strong presumption entitling Union to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that Union is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No such proof exists in this case, and there can be no credible arguments to the contrary.

---

[3] During the Class Period, Union purchased Dexcom securities through several investment funds managed by its subsidiaries. *See* ECF No. 11 at 10. Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of claims from these subsidiaries on behalf of the funds listed in Union's PSLRA Certification and has standing to sue on behalf of those funds. *See id.* at 10-11; ECF Nos. 12-1, 12-5.

Recognizing this, Ohio STRS does not oppose the appointment of Union as Lead Plaintiff. *See* ECF No. 20.

Because Union has met all the requirements for appointment as Lead Plaintiff, and because its motion is unopposed, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

**B. The Court Should Approve Union's Selection Of Lead Counsel**

The PSLRA grants the Lead Plaintiff the power to select and retain counsel for the Class, subject to the Court's approval. The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *6 (S.D.N.Y. Oct. 2, 2023) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Union has selected Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 12-6. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 11 at 12-13.

This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above and in its opening brief, Union respectfully requests that the Court: (i) appoint it to serve as Lead Plaintiff; (ii) approve its selection of Bernstein Litowitz to serve as Lead Counsel for the Class; (iii) consolidate the Related Actions; and (iv) grant any such further relief as the Court may deem just and proper.

Dated: January 9, 2026

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gerald H. Silk*
Gerald H. Silk
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Union Asset Management Holding AG, certifies that this memorandum of law contains 1,847 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: January 9, 2026

*/s/ Gerald H. Silk*
Gerald H. Silk
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com